On Motion to Dismiss.
The opinion of the court was delivered by
Fenner, J.
The motion is made on the ground that the suit is brought under the intrusion into office Act and involves the right to office; that judgment therein was rendered in July, 1889, and that on motion of appellant the appeal, taken in the same month, was made returnable to the Supreme Oourt at New Orleans, whereas it should have been, returnable to our own next ensuing October term in Shreveport.
Sec. 2604, Revised Statutes, provides that such appeals shall have preference and “ shall be made returnable to the Supreme Court either in New Orleans or at one of its sessions in the country.”
Sec. 7 of Act 45 of 1870, after providing the terms of the Supreme Oourt for the several parishes and making all appeals from the Parish of Jefferson returnable at New Orleans, says that appeals in cases involving the right to office ‘ ‘ shall be returnable in ten days after judgment,” without fixing the place.
*146 Iii support of the motion to dismiss our decisions in regard to ■criminal appeals under Sec. 4 of Act 80 of 1878 are invoked; but the language of that section is very different from that of the statutes just quoted. It provides that criminal appeals “ shall be made returnable to the Supreme Court within ten days, wherever the court may be in session on return day.”
Under this mandatory language we held that appeals made returnable elsewhere than at the ensuing session, by appellant’s fault, should be dismissed. State vs. Cloud, 40 An. 618; State vs. Jenkins, 36 An. 865; State vs. Lyon, this day decided.
But the legal provision- here is not similar. While perhaps the spirit of the law suggests and would make it eminently proper that the judge should make it returnable at the next ensuing session of this court, yet the language of the law is not mandatory to that effect and his discretion is not destroyed.
Moreover, in this case, the judge has rendered his own order, separate and apart from the motion of defendant, making the appeal “ returnable to the Supreme Court according to law at New Orleans.” This indicates that the judge considered and construed the law, and even if he committed error, it could not be visited on appellant, under the authority of Dellwood’s case, 33 An. 1229.
The motion to dismiss is overruled.
Bermudez, C. J.
In an informal proceeding the Attorney General, considering that our previous decree herein, overruling the motion to dismiss, is erroneous and still within our control for correction, calls our attention to the fact that the place at which the appeal was made returnable was suggested by the defendant and that the judge in granting the appeal merely followed -the improper suggestion.
The question therefore arises: whether it is in the power of this court, after it has denied a motion to dismiss, to reconsider its ruling and, if found erroneous, such ruling can be rescinded.
The Code of Practice, Art. 537, divides judgments into interlocutory judgments and final judgments.
Interlocutory judgments do not decide on the merits of the case, but are pronounced on preliminary matters in the course of the proceedings ; while definitive or final judgments are such as decide all *147 the points in the controversy between the parties and have the force of res judicata.
A judgment must therefore be interlocutory or definitive. If it is not the one it must be the other.
The motion to dismiss was not designed to obtain a judgment on the merits of the controversy, but merely to procure a ruling on a preliminary matter, which was: whether the court would or not entertain jurisdiction over the merits of the suit for a reason alleged.
The judgment of this court upon it was not a final judgment deciding all the points in controvery between the parties and having the force of res judicata.
If not a definitive judgment, it is an interlocutory judgment and as such is revisable by the court before final adjudication.
It has been settled by frequent rulings that where a court, whether of original or appellate jurisdiction, discovers that an order given by it is erroneous it may itself set it aside without any formal motion. H. D. 330 (3), V38 (9).
This is so true that this court has, in a number of cases, decided that applications for a rehearing, where motions to dismiss appeals had been denied, were irregular, as such applications could be made only where final judgments had been rendered. 34 An. 220, and other cases.
The decree herein made was therefore an interlocutory judgment, .and as such is revisable at any stage previous to definitive judgment. Bunney vs. Ludeling, 41 An. —.
Such interlocutory judgment would not be affected by the lapse of ■judicial days which could not run to make it final, as in cases of definitive judgment.
It remains therefore within the control of the court, which can, even proprio motu, recall it and reconsider the motion, and it is its duty to avoid it where erroneous.
It is true that the ruling was concurred in unanimously, but had the fact of suggestion of the improper place, by the attorney, been more clearly presented, a different conclusion would have been reached.
The next question is whether that decree was or not correctly rendered.
A reference to the reasons assigned in support of it shows that the material fact on which the motion was based, to some important ex *148 tent, did not fully attract the attention of the court, so as to give it the significant prominence which was claimed for it.
That fact was that the return place, namely, New Orleans, wal suggested by the appellant, instead of Shreveport, and the consequence urged was that as the appellant had misled the judge the appeal ought to be dismissed.
We consider that the correctness of the opinion and decree is questionable and that the same is revisable.
It is therefore ordered that the previous decree denying the motion to dismiss be rescinded and that the. motion be reinstated for reconsideration.